IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CHARLES EDWARD DIAL, JR**                                                                       **PLAINTIFF**

**V.**                                **NO. 3:16CV00239 KGB/PSH**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                                 **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Charles Edward Dial, Jr., applied for disability insurance benefits on March 1, 2012, alleging an onset date of May 11, 2011. (Tr. at 16). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 25). The Appeals Council denied Mr. Dial's request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Dial has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

**II. The Commissioner's Decision:**

The ALJ found that Mr. Dial had not engaged in substantial gainful activity since the alleged onset date of May 11, 2011. (Tr. at 18). The ALJ found at Step Two that Mr. Dial had the following

severe impairments: status-post gunshot wound to the stomach with multiple surgical repairs; chronic gastritis; major depressive disorder; generalized anxiety disorder; and obesity.  *Id*.  At Step Three, the ALJ determined that Mr. Dial's impairment did not meet or equal a listed impairment.  *Id.*

Before proceeding to Step Four, the ALJ determined that Mr. Dial had the residual functional capacity ("RFC") to perform sedentary work except for the following limitations: 1) he can lift and carry 10 pounds occasionally and less than 10 pounds frequently; 2) he can stand and/or walk two hours in an eight-hour workday; 3) he can sit for six hours in an eight-hour workday; 4) he can push and/or pull 10 pounds occasionally and less than 10 pounds frequently; 5) he should avoid stooping; 6) he retains the ability to understand, remember and carry out simple job instructions and make judgments in simple work-related situations; and 7) he can respond appropriately to coworkers/supervisors and to minor changes in the usual work routine.  (Tr. at 20, 24).  Next, the ALJ found that Mr. Dial is unable to perform past relevant work.  (Tr. at 24).  Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Mr. Dial's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform.  (Tr. at 25).  Consequently, the ALJ found that Mr. Dial was not disabled.  *Id.*

### III.  Discussion:

#### A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,

"substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Mr. Dial's Arguments on Appeal

Mr. Dial argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ did not give appropriate weight to the opinions of the doctors who examined Mr. Dial. Reviewing the entire record, the Court finds that the ALJ's determinations were supported by substantial evidence.

A treating physician's opinion should be granted controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). The opinion of a treating physician, however, does not automatically control; nor does it eliminate the

need to evaluate the record as a whole. *Id.* (quoting *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001)). An ALJ may discount or disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of the opinions. *Id.*

From 2011 to 2013, Billy McBay, M.D., treated Mr. Dial occasionally and conservatively, primarily offering medication management for pain from a prior gunshot wound and subsequent stomach surgery. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Mr. Dial relies upon a succinct letter from Dr. McBay, dated July 24, 2012. (Tr. at 566). That letter indicated that Mr. Dial could not work due to chronic pain. *Id.* The letter does not reference any objective testing or clinical examinations, and therefore, lacks support for its conclusion. When a treating physician's opinions "are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). Moreover, a medical source opinion that an applicant is disabled or unable to work involves an issue reserved for the Commissioner and, therefore, is not given controlling weight. *Ellis v. Barnhart*, 392 F.3d 988, 994-95 (8th Cir. 2005).

While Mr. Dial complained of abdominal pain throughout the relevant period, multiple objective reports undermined disabling symptomatology: soft abdomen with normal bowel sounds, normal abdominal x-rays with no acute disease process, full range of motion in the upper body, non-tender back, and no neurological deficits. (Tr. at 516, 598, 633-636).

State-agency physician Dr. Kristy King, M.D., examined Mr. Dial on October 6, 2012 and found full range of motion in Mr. Dial's neck, back, legs, and arms. (Tr. at 570). She found no muscle spasms, no muscle atrophy, and no sensory abnormalities. (Tr. at 571). She noted that Mr.

Dial walked slumped over due to pain, but observed only mild to moderate limitations in lifting and carrying heavy objects and sitting, standing, or walking. (Tr. at 571-572). These limitations are consistent with Mr. Dial's daily activities, which included fixing meals, shopping, washing dishes, taking GED classes, and attending church. (Tr. at 23). Such daily activities undermine his claims of disability. See *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The opinion of Dr. King was consistent with the evidence in the record, and the ALJ was correct in giving that opinion great weight.

    Mr. Dial argues that the ALJ should have given more weight to the opinion of Dr. Marcela Johnston, Ph.D. She examined Mr. Dial on June 19, 2012 and diagnosed him with Major Depressive Disorder and Generalized Anxiety Disorder, and she assigned him a Global Assessment Functioning ("GAF") score of 40-50. (Tr. at 487). She found deficits in concentration and persistence due to pain. (Tr. at 488). But she also found that he was cooperative in the interview, he could communicate effectively and behave in a socially appropriate manner, and he had the cognitive capacity to cope with the demands of basic work-like tasks. (Tr. at 487-488). The ALJ gave Dr. Johnston's opinion some weight, discounting to some degree the concentration and persistence problems, because Mr. Dial was able to attend GED classes and group therapy for over three hours a day. (Tr. at 23-24). As for the GAF score Dr. Johnston assigned to Mr. Dial, the Commissioner has "declined to endorse the GAF score for use in the Social Security and SSI disability programs," and an ALJ may afford greater weight to medical evidence and testimony than GAF scores. *See* 65 Fed. Reg. 50746, 50764-65 2000 WL 1173632 (Aug. 21, 2000); *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010)(GAF score in 40-50 range); *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010).

The ALJ appropriately weighed the opinions of the physicians of record, in conjunction with the remaining evidence in the record as a whole, in determining that Mr. Dial was not disabled.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Dial is not disabled. The weight given to the physicians of record was proper. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 8th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE