# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**CHARLES EDWARD DIAL, JR.**                                                              **PETITIONER**

v.                                   Case No.  3:16-cv-00239 KGB/PSH

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                                            **RESPONDENT**

## ORDER

The Court has received the Recommended Disposition filed by United States Magistrate Judge Patricia S. Harris (Dkt. No. 18).  After careful review of the Recommended Disposition and the timely objections received thereto (Dkt. No. 19), and having conducted a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 17).  As part of its *de novo* review, the Court will address Mr. Dial's objections below (Dkt. No. 19).

In considering Mr. Dial's objections, the Court notes that its "standard of review is narrow."  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  The Court must determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also Sultan v. Barnhart*, 368 F.3d 857, 862-63 (8th Cir. 2004); *see also* 42 U.S.C. § 405(g).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Sultan*, 368 F.3d at 857.  To determine whether the evidence is substantial, this Court must "consider evidence that detracts from the Commissioner's decision as well as evidence that supports it."  *Id.*  "If, after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of

those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision." *Pearsall*, 274 F.3d at 1217.

This Court understands Mr. Dial to argue that the Recommended Disposition fails to weigh the evidence properly (Dkt. Nos. 19). Mr. Dial contends that the Recommended Disposition "disregards the germane findings of [Mr. Dial]'s treating physician and psychological examination on the basis of the sedentary non-activity of sitting in a class" (Dkt. No. 19, at 2). However, the question before the Court is not whether the Commissioner appropriately weighed the evidence; rather, the question is whether there is substantial evidence in the record to support the Commissioner's decision. *Sultan*, 368 F.3d at 862-63.

The Court notes that the Commissioner considered objective medical evidence from multiple physicians, including Mr. Dial's treating physician, examining physician, and agency physicians' opinions. Mr. Dial's medical records indicate a history of conservative treatment, which contradicts allegations of disabling pain. *See Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). While Mr. Dial's treating physician stated that Mr. Dial could not work due to pain, a medical opinion that an applicant is unable to work involves an issue reserved for the Commissioner, and is therefore not afforded controlling weight. *See Ellis v. Barnhart*, 392 F.3d 988, 944-95 (8th Cir. 2005). Moreover, there are multiple countervailing medical opinions present in the record that tend to support a finding that Mr. Dial was not disabled.

In the light of the narrow standard of review, the Court concludes that the Commissioner's decision was supported by substantial evidence in the record as a whole. Accordingly, the Court affirms the Commissioner's decision, denies Mr. Dial's request for relief, and dismisses with prejudice Mr. Dial's complaint (Dkt. No. 2). Judgment will be entered by separate Order.

It is so ordered this the 30th day of June, 2017.

_____
Kristine G. Baker
United States District Judge